# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 8, 2018

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

156552

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

      SC: 156552
      COA: 319980
      Jackson CC: 12-004848-FC

MICHAEL PATRICK-MURPHY HAMILTON,
      Defendant-Appellant.
_____/

On order of the Court, the application for leave to appeal the August 1, 2017 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

MCCORMACK, J. (*dissenting*).

I respectfully dissent from the order denying leave to appeal. The defendant's trial included extensive speculative and prejudicial testimony from an "expert" prosecution witness. Admission of that testimony radically changed that trial in a way that may have rendered it fundamentally unfair. I would grant leave to appeal to consider whether the error in admitting that testimony prejudiced the defendant. While I am not typically predisposed to second-guess the Court of Appeals' harmless-error analysis, see *People v Lyles*, 501 Mich 107, 159 (2017) (MCCORMACK, J., dissenting), I find this case to be one in which the trial court's decision may have denied the defendant a fair trial.

The prosecution charged the defendant with first-degree premeditated murder, assault with intent to commit murder, two counts of unlawfully driving away an automobile, and two counts of possessing a firearm during the commission of a felony. The defendant presented an insanity defense triggered by the defendant's prescription medicine, Adderall. The prosecutor's theory of the case evolved throughout the trial, and as the case neared its end, one primary theory was that the defendant had an opiate addiction and needed money to sustain his habit. Thus, the theory was that the defendant had shot the victim in order to rob him to obtain money for drugs. To support this theory, the prosecution called a certified addiction counselor, Rosemary Heise.

The trial court ruled that Heise satisfied the requirements for an expert witness in MRE 702 and that her testimony would be allowed as an expert in the area of substance abuse and addiction. Heise, who had never met the defendant or interviewed his family or friends and had no information about the defendant's alleged crimes, proceeded to tell the jury quite a lot about the defendant. For example, she opined that she "diagnosed" the defendant as an "active addict" because he had a documented episode of Vicodin

abuse, that "active addicts" steal and are violent, and that the defendant would seek out drugs to pacify his addiction "at all costs." She further opined that the defendant was probably still using Vicodin at the time of the offenses (despite the absence of any evidence to support such a claim) and that it was "highly unlikely" the defendant could stop using Vicodin without going through a treatment program. And she stated in her report on the defendant, again without any evidence to support her speculation, "I wonder if Mr. Hamilton wasn't snorting" his Adderall. This report was admitted at trial.

The jury convicted the defendant as charged. On appeal, a divided Court of Appeals panel affirmed his convictions. The majority declined to address whether the trial court had erred by admitting Heise's testimony, concluding error if any was harmless. Dissenting Judge SHAPIRO disagreed, concluding both that the admission of Heise's testimony was error and that the error prejudiced the defendant. We vacated the portion of the Court of Appeals opinion addressing Heise's testimony and remanded for reconsideration.

On remand, the same majority concluded that the trial court had erred by admitting Heise's testimony, but that the error was harmless. Judge SHAPIRO again dissented.

I believe this Court should grant leave to appeal to give close consideration to whether the Court of Appeals erred by finding Heise's testimony to be harmless. Significantly, the prosecutor used her testimony to argue to the jury that the defendant "was nothing but a run of the mill drug addict, out of money, out of drugs, looking for his next fix" when he murdered the victim.[1] Heise's testimony alone supported that argument, meaning that the prosecutor's theory of the case presented to the jury in closing argument had no foundation whatsoever. As Judge SHAPIRO noted, the defendant's lack of motive was a key element of his insanity defense, and the erroneous admission of Heise's testimony provided the only basis for the prosecution to rebut that element. I think this question deserves this Court's attention. I therefore respectfully dissent from the majority's decision to deny leave to appeal.

BERNSTEIN, J., joins the statement of MCCORMACK, J.

---

[1] The prosecutor painted that picture repeatedly throughout her closing argument, repeatedly restating the "out of money, out of drugs" points and arguing that the defendant "must have thought he hit the jackpot" in encountering the victim (citing the victim's expensive jewelry and the BMW he was driving as the reason).



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 8, 2018



Clerk

t0605